ROY MEADORS V. THE STATE.

No. 23074. Delivered March 7, 1945.
Rehearing Denied April 25, 1945.

The opinion states the case.

*J. K. Russell,* of Cleburne, and *Henry Tiery,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of four years in the penitentiary on a charge of murder.

The deceased was a brother-in-law of appellant and the homicide was the culmination of an extended series of difficulties between the deceased and his wife, on the one side, and the appellant and his wife and also the mother and father of the appellant on the other side. The many controverted facts in the case relate to these difficulties. It appears that the State was not in position to deny the story of the killing, as told by the appellant himself. While he presented a case of self-defense the circumstances were such as to amply warrant the jury in finding him guilty and returning the verdict which they did.

There are no bills of exception in the record and no complaint made in any way against the proceedings. The only question for our consideration is the sufficiency of the evidence which we must conclude against the appellant.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion because we failed in our original opinion to write on the overruling of his motion for a new trial, which motion was based on what it called newly discovered evidence, which evidence he claims was not made known to him until after this cause had been submitted to the jury.

We find no motion for a new trial in the transcript, but we do find certain testimony in the statement of facts, taken at a time when it could be inferred that a hearing was had relative to such new trial.

It seems that after the deceased's body was brought to the undertaker's the clothing worn by the deceased at the time of his death came into the possession of the sheriff, and at the time of the trial these clothes were in the possession of the district attorney, and doubtless accessible to appellant's attorneys. There were many ways that these clothes could become material, but it

seems that appellant's attorneys did not examine such clothes, nor make any inquiry relative to same until about thirty minutes after the retirement of the jury, at which time they were informed that there were about thirteen 22 calibre unfired cartridges found in the deceased's pockets. The record does not show any effort upon appellant's attorneys' part to avail themselves of such belated information, but does show that whenever they made inquiry relative thereto they were furnished the information. We fail to see any great materiality to such circumstance, and do not think such would have been likely to have changed the result of the trial. The testimony did show that appellant claimed that the deceased had fired one shot at him from a 22 calibre single shot rifle, and that such rifle had one exploded shell in the gun after deceased was shot by appellant, but the record did also show that a dead squirrel was found by deceased's body. Just how the fact that deceased had other unexploded shells in his pockets could add to or detract from appellant's self-defense testimony we are unable to see.

It was not claimed herein that the deceased attempted to shoot and was unable to do so on account of lack of ammunition, but appellant, the only eyewitness to the killing, claimed that deceased shot at him once, and that deceased whirled and appellant shot him in the back; that he then again loaded his shot gun and deceased "was wiggling and I shot him again, and then I stood there for a few minutes and then I left."

The motion will be overruled.